IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-03217-D

**Cornelius A. Nobles,**

        Plaintiff,

v.

**United States of America and Terrence W. Boyle**,

        Defendants.

**Memorandum & Recommendation**

Plaintiff Cornelius A. Nobles ("Nobles"), a state inmate proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983 on August 19, 2015. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). For the following reasons, the undersigned magistrate judge recommends that the district court dismiss Nobles' claims without prejudice.

The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally

1

frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011), *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Nobles's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

2

Case 5:15-ct-03217-D   Document 8   Filed 03/24/16   Page 2 of 6

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547, 553–55 (1967).

Here, Nobles contends that Defendants "failed to liberally construe . . . [his] out of time 2254 complaint as [a] claim of actual innocence or [a] double jeopardy violation." Compl. at 1, D.E. 1. To the extent Nobles seeks to recover monetary damages, both defendants are immune from liability. Specifically, Nobles names a federal district court judge and the United States of America as defendants. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson*, 386 U.S. at 553–54. Likewise, it is well-settled that the United States and its agencies are absolutely immune from suit, pursuant to the doctrine of sovereign immunity, except as Congress specifically provides. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997).

Moreover, a plaintiff cannot recover monetary damages for alleged constitutional violations when such recovery would imply the invalidity of an underlying conviction unless he can "prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see Omar v. Chasanow*, 318 F. App'x 188, 189 & n.\* (4th Cir. 2009) (per curiam) (unpublished) (collecting cases); *Michau v. Charleston Cnty. S.C.*, 434 F.3d 725, 728

(4th Cir. 2006). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." *Thigpen v. McDonnell*, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Plaintiff's claim for damages relies on the invalidity of his conviction. Because Plaintiff's conviction has not been overturned or otherwise invalidated, his efforts to recover damages fail.

Nobles also requests that the court vacate and set aside his conviction. Compl. at 2, D.E. 1. Nobles may not pursue such a claim in a civil rights action. *See, e.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 81–83 (2005); *Heck*, 512 U.S. at 486–87. Rather, to pursue such a claim, Nobles must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g.*, *Wilkinson*, 544 U.S. at 78–83; *Preiser v. Rodriguez*, 411 U.S. 475, 487, 499–500 (1973). A district court may recharacterize a true habeas matter which has been improperly filed by a pro se litigant as some other sort of pleading. *See Castro v. United States*, 540 U.S. 375, 383 (2005).

In this instance, however, the court finds that recharacterizing Nobles' § 1983 complaint as a habeas corpus action under 28 U.S.C. § 2254 is inappropriate. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 509–10 (6th Cir. 2011) (unpublished decision) (finding there is no affirmative duty of the district to recharacterize improperly styled pleading). Court records indicate that petitioner has already filed at least three prior petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his murder conviction. *See Nobles v. Davis*, No. 5:09-HC-2122-BO (dismissed, Jan. 14, 2011); *Nobles v. United States of America*, No. 5:15-HC-2129-FL (dismissed, without prejudice, as successive, July 10, 2015); *Nobles v. United States of America*, No. 5:15-HC-2177-FL (dismissed, without prejudice, as successive, Nov. 3, 2015). Because Nobles has not received authorization to file a second or successive action from the

Fourth Circuit, this court would not have jurisdiction to review a § 2254 petition. 28 U.S.C. § 2244(b)(3)(A) (stating that, before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application); *see In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) ("The initial determination of whether a claim satisfies [the requirements set forth in § 2244] must be made by a court of appeals." (citation omitted)).

For these reasons, the undersigned will not recharacterize Nobels's Complaint as a habeas corpus action under 28 U.S.C. § 2254. Furthermore, the undersigned recommends that the district court dismiss Nobles' claims without prejudice.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the**

**Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: March 24, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE